## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARY CROWE, | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| MARY CROWE, | ) | |
| | ) | Case #A07-00524 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | Ch. 7 |
| | ) | |
| ALASKA COMMISSION ON POST | ) | |
| SECONDARY EDUCATION, NORTHWEST | ) | |
| EDUCATION LOAN ASSOCIATION, | ) | |
| BANK OF AMERICA, and U.S. DEPT. | ) | |
| OF EDUCATION (Federal Student Aid) | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY
### OF STUDENT LOANS

Jurisdiction of this matter is conferred on the court by 28 USC §1334. This action is brought pursuant to 11 USC §523(a)(8).

1.    The plaintiff, MARY CROWE, is the debtor in the above-entitled case under Chapter 7 of the Bankruptcy Code pending in this court.

2.    The defendant is the obligee with respect to the Debtor's scheduled student loan obligations.

3.    The debtor filed a petition in bankruptcy under Chapter 7 on October 12, 2007, and scheduled educational loans owing to the defendant for discharge in bankruptcy:

Alaska Commission on Post-Secondary Education          $38,600

LAW OFFICES OF
**DEITRA L. ENNIS**
880 H Street, Suite 200
Anchorage, AK 99501
(907) 279-3333

BankAmerica                                             4,100

Northwest Education Loan Association          30,600

U.S. Dept. Of Education                              11,700

4.      Repayment of the obligations owing to the defendant will impose an undue hardship on the debtor. She is a single parent of a 15 year old teenager.

5.      Debtor currently earns approximately $2,000 net per month and her expenses are approximately $2,000 per month.

6.      Debtor's current income is reflective of her income capability. She has an outdated computer degree from Charter College. Her tax returns will demonstrate comparable income for past years.                           .

7.      With Debtor's current income and income capability, the Debtor cannot maintain a minimal standard of living if forced to repay the loans and this state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

8.      Debtor has no appreciable assets  to assist Debtor in paying back these loans.

9.      Debtor has made good faith efforts to repay these loans. She has attempted to enter voluntary repayment plans.

10.     The U.S.Department of Education, Federal Student Loan determined that paying 15% would be a hardship and asked that Debtor agree to pay $131.82 per month.

11.     Immediately thereafter, Debtor's employer was served with a garnishment by Pioneer Credit Recovery, Agent for Northwest Education Loan Association.

12.     ACPE has indicated that it has no available repayment program and has

2

attempted garnishment a number of times.  Debtor falls under the state garnishment amounts.

WHEREFORE, Debtor requests that the student loan obligations owing to

Defendant be declared dischargeable by reason of imposing an undue hardship.


DATED: March 3, 2008                              /s/Deitra L. Ennis
                                                  DEITRA L. ENNIS
                                                  Attorney for Debtor